# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HINSDALE BANK AND TRUST COMPANY, N.A., | ) ) ) |
| Plaintiff, | ) ) |
| Vs. | ) ) No. 1:22-cv-03667 |
| CRYPTOFI, INC., D.M., M.M., and A.D., | ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR INTERPLEADER

NOW COMES the plaintiff, Hinsdale Bank and Trust Company, N.A., by its attorneys, Chuhak & Tecson, P.C., and for its Complaint for Interpleader against defendants CryptoFi, Inc., D.M., M.M., and A.D.[1] (collectively, "Defendants"), states as follows:

## PARTIES, JURISDICTION AND VENUE

1.  Plaintiff Hinsdale Bank and Trust Company, N.A. ("Hinsdale Bank"), is a national banking association with its principal place of business in DuPage County, Illinois.

2.  Defendant CryptoFi, Inc. ("CryptoFi"), is incorporated in Delaware with its principal place of business in Dover, Delaware and an office in Chicago, Illinois. Upon information and belief, CryptoFi develops business to business software for cryptocurrency trading and also enables individuals to open accounts to trade cryptocurrency.

3.  Defendant D.M. is an individual and citizen of Kane County, Illinois and upon information and belief is 84 years old.

4.  Defendant M.M. is an individual and also a citizen of Kane County, Illinois and

---

[1] The individual consumer Defendants have been identified by their initials to protect their privacy at the initiation of this litigation.

upon information and belief is 85 years old. D.M. and M.M. (together, "D&MM") are married.

5. Defendant A.D. is an individual and a citizen of North Carolina and upon information and belief is 81 years old.

6. This Court has original jurisdiction under 28 U.S.C. §1335 because Hinsdale Bank has in its custody or possession money exceeding $500 whereby two or more adverse claimants of diverse citizenship are claiming entitlement to such money, or a portion thereof. Specifically, CryptoFi is a citizen of Delaware, the D&MMs are citizens of Illinois, and A.D. is a citizen of North Carolina.

7. This Court has personal jurisdiction because this matter arises out of transactions in Illinois, as further explained below.

8. Venue is proper in the Northern District of Illinois under 28 U.S.C. §1397 because this interpleader action is brought in the judicial district in which one or more of the claimants resides, specifically, the D&MMs and CryptoFi.

## COUNT FOR INTERPLEADER

9. CryptoFi opened two deposit accounts at Hinsdale Bank to operate its business. On or about April 13, 2022, CryptoFi opened deposit account no. x2908, and on or about May 21, 2022, opened deposit account no. x8388 (together, the "CryptoFi Accounts").

10. On June 14, 2022, A.D. applied to CryptoFi to open a trading account to purchase cryptocurrency.

11. A.D. communicated with CryptoFi personnel operating out of the Chicago office in the process of opening the account.

12. CryptoFi approved the application and opened a trading account for the benefit of A.D. so she could purchase cryptocurrency.

13. A.D. sent two wires from her accounts at Fifth Third Bank and Wells Fargo Bank to a CryptoFi account at Hinsdale Bank to purchase cryptocurrency.

14. Specifically, on June 15, 2022, A.D., through Fifth Third Bank, sent a wire in excess of $75,000 to CryptoFi account no. x8388.

15. Also on June 15, 2022, A.D., through Wells Fargo Bank, sent a wire in excess of $75,000 to CryptoFi account no. x8388.

16. CryptoFi personnel operating out of the Chicago office executed, or facilitated the execution of, a trade whereby the funds sent by A.D. to CryptoFi were to be exchanged for cryptocurrency and the cryptocurrency deposited into a digital wallet for the benefit of A.D.

17. A.D., however, claims she was defrauded into purchasing the cryptocurrency and, upon information and belief, does not have access to the digital wallet that received the cryptocurrency deposit.

18. On June 17, 2022, A.D., through Fifth Third Bank, contacted Hinsdale Bank to recall the wire transfer.

19. Also on June 17, 2022, A.D., through Wells Fargo Bank, contacted Hinsdale Bank to recall the wire transfer.

20. Similar to A.D., upon information and belief, in or about June 2022, the D&MMs applied to CryptoFi to open a trading account to purchase cryptocurrency. Shortly thereafter, CryptoFi approved the application and opened a trading account for the benefit of the D&MMs so they could purchase cryptocurrency.

21. In June of 2022, the D&MMs sent four wire transfers each of which exceeded $75,000 from their account at JPMorgan Chase Bank, N.A ("Chase Bank") to CryptoFi account no. x8388.

22. CryptoFi was to exchange the monies for cryptocurrency and deposit the cryptocurrency in a digital wallet for the benefit of the D&MMs.

23. Like A.D., the D&MMs claim that they were defrauded into purchasing the cryptocurrency from CryptoFi and, upon information and belief, do not have access to the cryptocurrency that was to be deposited into a digital wallet for their benefit.

24. On July 11, 2022, the D&MMs, through Chase Bank, contacted Hinsdale Bank and asked that the four wire transfers be recalled.

25. Subsequent to the requests made by A.D. to Hinsdale Bank to recall her two wire transfers, and through the present time, Hinsdale Bank has been in contact with CryptoFi about the fraud claims of A.D. and the D&MMs. CryptoFi denies the claims and asserts it has a lawful right to the wire transfer funds.

26. As a result of the dispute, Hinsdale Bank has frozen the funds in the CryptoFi Accounts. As of July 14, 2022, the balance in the CryptoFi Accounts is $1,557,481.30 (the "Funds"), which is substantially less than the aggregate amount of the individual Defendants wire transfers.

27. The competing claims between the Defendants are adverse and Hinsdale Bank is unable to determine to whom the Funds belong.

28. Hinsdale Bank is an innocent stakeholder in custody or possession of the Funds who claims no interest in the Funds, but wishes to assure that the Funds are paid to the appropriate party as may be determined by this Court.

29. Pursuant to the Business Account Agreement entered into between Hinsdale Bank and CrytpoFi in connection with the CryptoFi Accounts, the plaintiff has the right to recover its reasonable attorneys' and costs related to this cause.

4870-4364-8041.v1.29170.78989

WHEREFORE, the plaintiff, Hinsdale Bank and Trust Company, N.A., prays as follows:

A. That this Court enter an order directing Hinsdale Bank to tender the Funds in the CryptoFi Accounts to the Court or its authorized representative;

B. That all of the Defendants who have or may assert a claim against the Funds be ordered to interplead and establish among themselves their respective rights and claims to the Funds;

C. That upon payment of the Funds to the Court, the Court enter a final and appealable order dismissing Hinsdale Bank, with prejudice, and finding that Hinsdale Bank is fully and finally released and discharged from any further obligation relative to the Funds;

D. That Hinsdale Bank be awarded its reasonable attorneys' fees and costs; and

E. For such other and further relief as the Court may deem fair and equitable.

                    Hinsdale Bank and Trust Company, N.A.,

                    By:   /s/ *Brandon R. Freud*
                            One of its Attorneys

Brandon R. Freud (#6281415)
Chuhak & Tecson, P.C.
120 S. Riverside Plaza, Suite 1700
Chicago, IL 60606
T: (312) 201-4201
bfreud@chuhak.com

4870-4364-8041.v1.29170.78989